IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLINTON LEMONT PETTAWAY,

        Petitioner,

v.

WARDEN FEATHER,

        Respondent.

Case No. 3:14-cv-00994-SI

OPINION AND ORDER

Stephen R. Sady, Chief Deputy Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

S. Amanda Marshall
United States Attorney
Natalie K. Wight, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 asserting that the U.S. District Court for the Southern District of Alabama lacked authority to enhance his sentence for brandishing a firearm. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is dismissed.

## BACKGROUND

In 2008, a grand jury charged petitioner with using, possessing, or carrying a firearm in furtherance of his possession with the intent to distribute more than five grams of crack cocaine. Petitioner's Exhibit A. The grand jury also charged petitioner with possession of a firearm with an altered serial number. Id. A jury convicted petitioner of all counts, and the Government filed a motion asking the court to enhance his sentence by two years for brandishing his firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Petitioner's Exhibit D, p. 4. The trial judge concluded, "The facts adduced at trial coupled with the information contained in the Presentence Report regarding the [conviction pursuant to guilty plea of Assault in the Third Degree in Alabama's state courts] does indicate that Mr. Pettaway brandished the weapon and used the weapon to assault [the victim]. So, I will grant the Government's motion of application of the brandishing provision of Title 18." Id at 7.

2 - OPINION AND ORDER

Petitioner took a direct appeal to the Eleventh Circuit challenging his sentencing enhancement for brandishing his firearm. The Court of Appeals affirmed the trial court's decision:

> The Government clearly satisfied the brandishing prong as well, by demonstrating that Pettaway displayed the firearm or made its presence known in order to intimidate another, as the evidence at trial plainly demonstrated that Pettaway pistol-whipped the other man during a fight. See 18 U.S.C. § 924(c)(4). In addition, the sentencing enhancement was proper because the brandishing was done in the course of the underlying offense--possessing the firearm in furtherance of possessing with intent to distribute crack cocaine. Cf. Dean, 129 S.Ct. at 1854, 1856. In short, the district court did not err in applying the enhancement.

Government Exhibit 5, *United States v. Pettaway*, 335 Fed. Appx. 857, 858 (11th Cir. June 30, 2009).

Petitioner did not petition the Supreme Court for certiorari, nor did he immediately seek relief pursuant to 28 U.S.C. § 2255. Approximately four years later, the Supreme Court decided *Alleyne v. United States*, 133 S.Ct. 2151 (2013) wherein it extended the reach of its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and held that any fact that increases a mandatory minimum sentence is an element of the offense that must be proven to a jury beyond a reasonable doubt.[1] 133 S.Ct. at 2155. Believing his brandishing enhancement violated *Alleyne*, petitioner filed a 28

---

[1] *Alleyne* overruled the Supreme Court's prior decision in *Harris v. United States*, 536 U.S. 545 (2002).

3 - OPINION AND ORDER

U.S.C. § 2255 motion in the Southern District of Alabama. Although petitioner's case fell outside of the Anti-terrorism and Effective Death Penalty's one-year statute of limitations, he argued that his case was timely because he filed it within one year of the Supreme Court's decision in *Alleyne*, and the court should apply that decision retroactively to his case. The District Court determined that petitioner did not establish that he was actually innocent, and further concluded that *Alleyne* did not apply retroactively to cases on collateral review. As a result, it dismissed the § 2255 motion as untimely and denied petitioner's request for a certificate of appealability. Government's Exhibit 2.

On June 19, 2014, petitioner filed this 28 U.S.C. § 2241 habeas corpus case challenging the imposition of the two-year brandishing enhancement, claiming that it was neither contained within the indictment nor proven to the jury beyond a reasonable doubt. Respondent asks the court to deny relief on the Petition because: (1) the issue of brandishing was previously decided by another court, and is subject to the doctrine of finality; (2) petitioner fails to invoke savings clause jurisdiction because he does not state a claim of actual innocence; (3) the holding of *Alleyne* does not apply retroactively to cases on collateral review; and (4) even assuming petitioner could overcome all of these hurdles and establish *Alleyne*'s retroactivity, he would be able to seek relief pursuant to § 2255(h)(2), thus § 2255 would not be

4 - OPINION AND ORDER

inadequate or ineffective so as to confer jurisdiction over this § 2241 habeas action.

## DISCUSSION

"A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). However, under the "savings clause" or "escape hatch" of § 2255(e), a federal inmate may seek relief pursuant to 28 U.S.C. § 2241 "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id* (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

A petitioner satisfies the savings clause of § 2255(e) where he: "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted). The two factors to consider when assessing whether petitioner had an unobstructed procedural opportunity to present his claim of innocence are: (1) whether the legal basis for petitioner's claim did not arise until the conclusion of his direct appeal and first 28 U.S.C. § 2255 motion; and (2) whether the applicable law changed in any relevant way after the conclusion of the petitioner's first § 2255 motion. *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

5 - OPINION AND ORDER

As previously noted, the Southern District of Alabama already determined that *Alleyne* does not apply retroactively to petitioner's case, and it rejected his claim of actual innocence. Several months later, petitioner filed the current action wherein he raises the same challenges. At the time petitioner filed this action, the Ninth Circuit had not yet addressed the issue of *Alleyne*'s retroactivity. Assuming it is proper for petitioner to re-litigate these issues in a § 2241 habeas case in this District, "[a] new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (citations omitted). Subsequent to petitioner's filing of this case, the Ninth Circuit held that *Alleyne* does not involve a watershed rule of criminal procedure that applies retroactively to cases on collateral review. *Hughes v. United States*, 770 F.3d 814 (9th Cir. 2014).

Petitioner asserts that the application of *Alleyne* to his case is not controlled by the procedural retroactivity principle, but rather the exception for retroactivity of substantive changes in the meaning of the statute. In this regard, he argues that "[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the

case giving rise to that construction." *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312-13 (1994).

In *Hughes*, the Ninth Circuit specifically concluded that "[o]nly the second, procedural, exception is at issue here because *Alleyne* announced a procedural rule. See *Alleyne*, 133 S.Ct. at 2164 (J. Sotomayor, J., concurring) (explaining that in *Alleyne* 'procedural rules [were] at issue that do not govern primary conduct')." *Hughes*, 770 F.3d at 817. Accordingly, petitioner's argument in this case is unavailing. To the extent petitioner claims that *Hughes* was wrongly decided, it is not the province of this court to make such a determination.

Because petitioner cannot avail himself of the *Alleyne* decision, he cannot demonstrate his actual innocence so as to bring this § 2241 habeas action under the savings clause of § 2255. Accordingly, the Petition is dismissed for lack of jurisdiction.

///
///
///
///
///
///
///
///
///

7 - OPINION AND ORDER

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is dismissed. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 7th day of January, 2015.

_____
Michael H. Simon
United States District Judge

8 - OPINION AND ORDER